UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DANYELLE M.,

        Plaintiff,

    v.                                  **DECISION AND ORDER**

                                            21-CV-6410S

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

_____

1.       Plaintiff Danyelle M.[1] brings this action pursuant to the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security that denied her application for disability insurance benefits under Title II of the Act. (Docket No. 1.)  This Court has jurisdiction over this action under 42 U.S.C. § 405(g).

2.       Plaintiff protectively filed her application with the Social Security Administration on July 28, 2017.  Plaintiff alleged disability beginning January 15, 2015, due to obesity; carpal tunnel syndrome; bilateral DeQuervain's tenosynovitis[2]; migraine; major depressive disorder; and generalized anxiety disorder.  Plaintiff's application was denied, and she thereafter requested a hearing before an administrative law judge ("ALJ").

3.       On July 7, 2020, ALJ T. Kim held a telephonic (due to COVID-19) hearing at which Plaintiff—represented by counsel—and Vocational Expert Dian Haller appeared

_____

[1]In accordance with this Court's Standing Order of November 18, 2020, and consistent with guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, this Decision and Order will identify Plaintiff by first name and last initial.

[2] An inflammation of tendon sheath in hands due to relative narrowness of the tendon sheath of the abductor pollicis longus and the extension of pollicis brevis, numbness, Taber's Cyclopedic Medical Dictionary at 478, 1833 (16th ill. ed. 1989).

and testified.  (R.[3] at 35, 63-91.)  At the time of the hearing, Plaintiff was 33 years old on the January 15, 2015, onset date, with a high school education (R. at 45, 35).  She had past relevant work experience as an information analyst (sedentary exertion work), assistant project manager/director of service, nonprofit (medium), and customer representative/benefits clerk (sedentary), all skilled positions (R. at 45).

4.      The ALJ considered the case *de novo* and, on July 16, 2020, issued a written decision denying Plaintiff's application for benefits.  After the Appeals Council denied Plaintiff's request to review the ALJ's decision, she filed the current action, challenging the Commissioner's final decision.[4]  (Docket No. 1.)

5.      Both parties moved for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure.  (Docket Nos. 8, 9.)  Plaintiff filed a response on March 30, 2022 (Docket No. 10), in which Plaintiff relies upon her main brief (id. at 1).  At which time, this Court took the Motions under advisement without oral argument.  For the reasons that follow, Plaintiff's Motion (Docket No. 8) is **denied**, and Defendant's Motion (Docket No. 9) is **granted**.

6.      A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.  See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error.  See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979).  Substantial evidence is that which amounts to

_____

[3]Citations to the underlying administrative record are designated as "R."

[4]The ALJ's July 16, 2020, decision became the Commissioner's final decision on this matter when the Appeals Council denied Plaintiff's request for review.

"more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 26 L.Ed.2d 842 (1971).  Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

7.     "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight."  Williams ex rel. Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988).  If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]."  Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).  In other words, this Court must afford the Commissioner's determination considerable deference and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review."  Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

8.     The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled under the Act.  See 20 C.F.R. §§ 404.1520, 416.920.  The Supreme Court of the United States recognized the validity of this analysis in Bowen v. Yuckert, and it remains the proper approach for analyzing whether a claimant is disabled.  482 U.S. 137, 140-42, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987).

3

9.      The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is
> currently engaged in substantial gainful activity.  If [s]he is not,
> the [Commissioner] next considers whether the claimant has
> a "severe impairment" which significantly limits [her] physical
> or mental ability to do basic work activities.  If the claimant
> suffers such an impairment, the third inquiry is whether, based
> solely on medical evidence, the claimant has an impairment
> which is listed in Appendix 1 of the regulations.  If the claimant
> has such an impairment, the [Commissioner] will consider
> [her] disabled without considering vocational factors such as
> age, education, and work experience; the [Commissioner]
> presumes that a claimant who is afflicted with a "listed"
> impairment is unable to perform substantial gainful activity.
> Assuming the claimant does not have a listed impairment, the
> fourth inquiry is whether, despite the claimant's severe
> impairment, [s]he has the residual functional capacity to
> perform [her] past work.  Finally, if the claimant is unable to
> perform [her] past work, the [Commissioner] then determines
> whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original);

see also 20 C.F.R. § 404.1520; Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999).

10.     Although the claimant has the burden of proof on the first four steps, the

Commissioner has the burden of proof on the fifth and final step.  See Yuckert, supra,

482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984).  The final step

is divided into two parts.  First, the Commissioner must assess the claimant's job

qualifications by considering her physical ability, age, education, and work experience.

Second, the Commissioner must determine whether jobs exist in the national economy

that a person having the claimant's qualifications could perform.  See 42 U.S.C.

§ 423(d)(2)(A); 20 C.F.R. § 404.1520(f); see also Heckler v. Campbell, 461 U.S. 458, 460,

103 S.Ct. 1952, 76 L.Ed.2d 66 (1983).

11.     The ALJ analyzed Plaintiff's claim for benefits under the process set forth above.  At Step One, the ALJ found that Plaintiff has not engaged in substantial gainful activity since the onset date on January 15, 2015.  (R. at 35.)  At Step Two, the ALJ found that Plaintiff has the following severe impairments:  obesity; carpal tunnel syndrome; bilateral DeQuervain's tenosynovitis; migraine; major depressive disorder; and generalized anxiety disorder.  Id. at 38.  At Step Three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals any impairment(s) listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  Id.

12.     Next, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform light work, except Plaintiff can frequently operate hand controls, reach, push, pull, handle, finger, and feel with both upper extremities.  She can occasionally kneel, crouch, stoop, balance, and crawl, and can occasionally climb stairs and ramps.  Plaintiff can never climb ladders, ropes, and scaffolds.  She can never be exposed to unprotected heights and moving mechanical parts.  Plaintiff can tolerate occasional exposure to vibrations.  She can never be exposed to strobe lights, flashing lights or to bright lights, such as those found of a theatre stage.  Plaintiff is required a moderate noise work environment.  She also can understand, carry out, and remember simple instructions, and make simple work-related decisions.  She can occasionally deal with supervisors, co-workers, and the public.  She can occasionally deal with changes in a routine work setting.  Finally, Plaintiff will be off task five percent of the workday.  (R. at 40; see R. at 44-45.)

13.     At Step Four, the ALJ accepted the Vocational Expert's conclusion that Plaintiff is unable to perform any past relevant work as skilled work because her RFC

precludes that work.  (R. at 45.)  At Step Five, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform.  (R. at 45-46.) The ALJ posed hypotheticals to the Vocational Expert describing a claimant like Plaintiff in their age, education, and employment experience.  The Vocational Expert opined that this claimant could perform as a housekeeper, mailroom clerk, or garment bagger (all light exertion work) (R. at 46).  Accordingly, the ALJ found that Plaintiff is not disabled.  (R. at 47.)

14.     Plaintiff argues that the RFC determination is not supported by substantial evidence because the ALJ produced a highly specific physical and mental RFC that was not based on substantial evidence.  For the reasons that follow, these arguments are unavailing.

15.     Under the Social Security standards applicable for Title II applications filed after March 2017 for evaluating medical evidence, the agency considers the persuasiveness of a medical opinion, 20 C.F.R. § 404.1520c(a).  The agency considers the supportability and consistency of the opinions as the most important factors, id. § 404.1520c(c)(1), (2), (b)(2).   The ALJ must explain his approach with respect to supportability and consistency when considering a medical opinion, Melissa F. v. Comm'r, No. 20CV1363, 2021 WL 3887256, at *3 (W.D.N.Y. Aug. 31, 2021) (Carter, Mag. J.) (citing, e.g., 20 C.F.R. § 404.1520c(b)).  The more consistent a medical opinion is with the rest of the evidence from other medical and nonmedical sources, the more persuasive the opinion will be, 20 C.F.R. § 404.1520c(c)(2).  The ALJ, however, is not required to articulate how each medical opinion is considered, 20 C.F.R. § 404.1520c(b)(1).

16.     As for her physical RFC, Plaintiff relies on the consultative examination opinion of Dr. Trevor Litchmore (R. at 388-92) and the state agency non-examining opinion of Dr. I. Seok (R. at 100, 101).  Dr. Litchmore opined that Plaintiff had "marked limitations in terms of activities that involve moderate to marked physical exertion, as well as lifting and carrying heavy weight in the context of her uncontrolled hypertension and morbid obesity," noting her anxiety, depression, and history of Vicodin abuse (R. at 392). In 2015-17, Plaintiff weighed between 236 to 260 pounds and at 5'5" her body mass index ranges between 38.8 and 42.6, constituting morbid obesity (R. at 42, 100, 101, 390, 391, 435, 437).

17.     The ALJ found Dr. Litchmore's assessment to be somewhat persuasive, as consistent with the medical evidence indicating that Plaintiff was diagnosed with obesity, carpel tunnel, bilateral DeQurvain's tenosynovitis, and migraines (R. at 43).  The ALJ gave Plaintiff the benefit of the doubt and limited her to an RFC of light work with additional postural and environmental limitations since this finding is consistent with Plaintiff's testimony and the treatment record (R. at 43).

18.     State agency Dr. Seok concluded that Plaintiff could perform medium exertion work with additional environmental limitations (R. at 100-01).  Dr. Seok found that Plaintiff could occasionally lift 50 pounds and frequently lift 25 pounds (R. at 100). The doctor did not find Plaintiff had postural limitations (R. at 100).

19.     The ALJ, however, found Dr. Seok's opinion was less persuasive (R. at 42). Again, the ALJ gave Plaintiff the benefit of doubt regarding her migraine and wrist pain to restrict her to light exertion work (R. at 42).

20.     Plaintiff complains that the physical RFC was far more detailed than the opinions from Drs. Litchmore and Seok (Docket No. 8, Pl. Memo. at 12).

21.     Commissioner observes that Plaintiff has not stated where the physical portion of the RFC was more detailed than the medical opinions (Docket No. 9, Def. Memo. at 18).  Commissioner then objects to Plaintiff's boilerplate objections here (id. at 18-19).

22.     Furthermore, Commissioner contends that the physical findings of the RFC was supported by substantial evidence, namely Dr. Seok's opinion of Plaintiff's physical condition (id. at 19, 18-25; R. at 42-43, 100-01).

23.     Plaintiff next complains that the ALJ's mental RFC finding are more detailed than the medical opinions in record found at least somewhat persuasive (Docket No. 8, Pl. Memo. at 20-30).   She cites the opinions of consultative examiner Dr. Dante Alexander, Psy.D., state psychological consultant Dr. M. Momot-Baker, Ph.D., and her treating physician, Dr. Nilsa Martinez (id. at 20-21; R. at 43-44, 97-98, 101-03, 382-87, 502-03).

24.     State psychological consultant Dr. Momot-Baker found that Plaintiff had mild limitations in understanding, remembering, or applying information, and moderate limitations in interacting with others, concentration, and adapting and managing herself (R. at 97, 102, 103, 43).

25.     Dr. Alexander evaluated Plaintiff and found there was no evidence of limitation in understanding, remembering, and applying simple directions; her ability to interact with supervisors, coworkers, or the public; her ability for sustaining ordinary work routine; and her awareness of normal hazards (R. at 386, 44).  Dr. Alexander also found

that Plaintiff had mild limitations understanding complex directions (R. at 386, 43-44). Dr. Alexander, finally, found Plaintiff had moderate limitations in er ability to concentrate and regulating emotions, controlling behavior, and maintaining her well-being  (R. at 386, 44).

26.   The ALJ concluded that Dr. Momot-Baker's opinion was consistent with Plaintiff's diagnosis of major depressive disorder and generalized anxiety disorder and Plaintiff being treated with medication and counseling (R. at 43).   The ALJ found Dr. Alexander's opinion was somewhat consistent with the medical evidence but concluded that Plaintiff's impairments required more limitations as given in the RFC (R. at 44).

27.   Defendant Commissioner responds that Plaintiff's mental RFC is supported by substantial evidence (Docket No. 9, Def. Memo. at 7-18).   Commissioner notes that these doctors found Plaintiff was stable in her recovery from opioid dependence (id. at 10 (Dr. Momot-Baker), 13 (Dr. Alexander)).

28.   As with the physical RFC objections, Commissioner responds that Plaintiff has not provided evidence of more restrictions and Plaintiff acknowledged that the ALJ gave her the benefit of the doubt for finding limitations not considered by the psychological professionals (id. at 20, 12-13).

29.   Under the post-March 2017 regulations, the ALJ need not defer or give specific evidentiary weight to a medical opinion in the record, 20 C.F.R. § 404.1520c(a) (Docket No. 9, Def. Memo. at 8).   The ALJ here declared the lack of deference to any medical opinion (R. at 42).   Further, the ALJ need not rely upon a medical opinion in finding the RFC (id. at 8-9, citing examples of cases).   The RFC is an administrative

finding rather than a medical finding, <u>Curry v. Comm'r</u>, 855 F. App'x 46, 48 n.3 (2d Cir. 2021) (summary Order); <u>Tiffany L. v. Comm'r</u>, No. 20CV677, 2021 WL 3145694, at *4 (W.D.N.Y. July 26, 2021) (Crawford, J.) (<u>id.</u> at 7-8).

30.     The ALJ thus need not find RFC that tracks verbatim any medical opinion in the record.   Furthermore, Plaintiff has not identified the physical RFC finding that exceeds the evidence in the record.   The ALJ gave Plaintiff the benefit of the doubt as to her chronic pain and migraine and found limitations that are consistent with her testimony and her treatment records, going beyond the findings of agency physician, Dr. Seok (R. at 43).

31.     Contrary to Plaintiff's contentions (Docket No. 8, Pl. Memo. a 12-13, 14, 22), the ALJ did not reject all medical opinions and rendered the RFC from his lay opinion. The ALJ here found, for example, that Dr. Litchmore's opinion was somewhat persuasive (R. at 43) and that Dr. Momot-Baker's opinion was consistent with the psychological record (R. at 43).

32.     Thus, there is substantial evidence for the ALJ's physical and mental RFC findings.

33.     Therefore, Plaintiff's Motion for Judgment on the Pleadings (Docket No. 8) is denied.


IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 8) is DENIED.

FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No. 9) is GRANTED.

FURTHER, that the Clerk of Court is directed to CLOSE this case.

SO ORDERED.


Dated:      February 28, 2023
            Buffalo, New York


                                        s/William M. Skretny
                                      WILLIAM M. SKRETNY
                                   United States District Judge